VIRGINIA: IN THE CIRCUIT COURT OF THE COUNTY OF GLOUCESTER

PATRICIA RICHARDSON,

    Plaintiff,

v.

AT LAW NO. CL16-203

WAL-MART STORES EAST, LP, d/b/a
WAL-MART SUPERCENTER
Serve: CT Corporation System, R/A
4701 Cox Road, Suite 285
Glen Allen, Virginia  23060

and

CONSTRUCTION MANAGEMENT SERVICES, LLC
Serve: David N. Ventker, R/A
256 West Freemason Street
Norfolk, Virginia  23510,

    Defendants.

## COMPLAINT

    Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendants, jointly and severally, for the following:

    1.    Defendant, Wal-Mart Stores, East, LP, d/b/a Wal-Mart Supercenter, is, and at all times was, a Virginia corporation and was the owner of the Wal-Mart, Store No. 1759, located at 6819 Waltons Lane, Gloucester, Virginia, where this accident occurred.

    2.    Defendant, Construction Management Services, LLC, is, and at all times was, a Virginia corporation and was the paving contractor hired to resurface


EXHIBIT A

the parking lot at the Wal-Mart Store No. 1759 located at 6819 Waltons Lane, Gloucester, Virginia.

3. This cause of action arose on April 18, 2015.

4. This cause of action arose at the Wal-Mart store reverenced above.

5. On information and belief, at the time of the accident, the location where the Plaintiff was injured was either under the control of the Defendant Wal-Mart, or the Defendant Construction Management.

6. At all times, the Plaintiff was an invitee on the property.

7. At all relevant times, as an invitee, the Plaintiff had a right to assume that the premises on which she was walking were reasonably safe for her visit.

8. At all relevant times, the Plaintiff was comporting herself in a safe, prudent and non-negligent manner, well within the invitation extended to her by the employees of the Defendants.

9. At all relevant times, the employees of the Defendants, individually or jointly, owed a duty to the Plaintiff to warn her of any unsafe conditions of which the employees of the Defendants knew or, by the use of ordinary care, should have known.

10. At all relevant times, the employees of the Defendants had an obligation not to create an unsafe condition.

Mar. 10. 2016 2:33PM    No. 5442    P. 7

11. On April 18, 2015, the Plaintiff exited her car and immediately fell on an uneven and dangerous portion of the parking lot, which had been created by employees of one or both of the Defendants.

12. The uneven nature of the parking lot was due to work that was being done on the parking lot by employees of one or more of the Defendants.

13. There were no warnings of the danger, there was no effort to protect the Plaintiff from the danger, and there was no effort to alleviate the danger prior to the Plaintiff's fall.

14. The Defendants, individually or jointly, breached their duties and obligations to the Plaintiff, in that the parking lot where the Plaintiff was walking was dangerous, the dangerous condition had been created by employees of one or both of the Defendants, and there was no warning or effort to alleviate the danger prior to the Plaintiff's fall.

15. As the Plaintiff was walking through the parking lot, she tripped, fell, and suffered significant injuries, all of which were a direct consequence of the joint or individual negligence of the employees of the Defendants.

16. As a direct result of the negligence of the Defendants' employees as set out above, and the Plaintiff's fall, the Plaintiff has suffered serious and permanent injuries, has been unable to carry on her normal day-to-day affairs, has suffered and will continue to suffer great pain and mental anguish, and has

incurred and will continue to incur significant medical bills in an effort to cure her of her injuries.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendants, jointly and severally, in the amount of ONE MILLION THREE HUNDRED SIXTY-SEVEN THOUSAND FOUR HUNDRED EIGHT-TWO and 77/100 DOLLARS ($1,367,482.77), plus pre and post-judgment interest, plus all of her costs in this matter.

The Plaintiff requests a trial by jury.

PATRICIA RICHARDSON

By_____
Of Counsel

Robert J. Haddad, Esquire
VSB# 22298
SHUTTLEWORTH, RULOFF, SWAIN,
HADDAD & MORECOCK, P.C.
317 30TH Street
Virginia Beach, VA 23451
Phone: 757-671-6000
Fax 757-671-6004